Mr. Sam T. Heuer Prosecuting Attorney Sixteenth Judicial District P. O. Box 2174 Batesville, AR 72501
Dear Mr. Heuer:
This is in response to your request for an opinion whether a person who owns and operates an establishment in which bingo games can be played violates Arkansas law concerning lotteries as found in the Arkansas Constitution and Arkansas Criminal Statutes.
Lotteries are prohibited by the Arkansas Constitution, Article 19,14 and by the Arkansas Criminal Code. The Arkansas Supreme Court has held that a lottery is a species of gaming which may be defined as a scheme for the distribution of prizes by chance among persons who have paid, or agreed to pay, a valuable consideration for the chance to obtain a prize. Burks v. Harris, 91 Ark. 205,120 S.W. 979 (1909).
The above definition of a lottery certainly encompasses bingo as well as any other "game" wherein there are the three required elements of consideration, chance and prize. Therefore, as a form of lottery, bingo is clearly prohibited by the Arkansas Constitution and Criminal Code.
Further, it should be made clear that even if some or all of the proceeds from a bingo or lottery operation go to worthwhile causes or charitable or religious organizations, such lottery operations are still prohibited. State v. Bass, 224 Ark. 976, 277 S.W.2d 479
(1955). And, if those proceeds are given to any charitable organization, certain additional laws may come into effect, such as profession fund raiser and charitable solicitation registrations, bonds and disclosures. See Ark. Stat. Ann. 70-906.1 and 64-1601 et seq.
In your opinion request, you asked specifically if there is any manner in which a person could conduct bingo operations legally, such as not charging any game participant for obtaining a bingo card. If the three elements of consideration, chance and prize are nevertheless present, such an operation is still prohibited. A lottery is conducted even if some participants pay for the chance to win a prize and some participants do not. Taking this situation to its logical conclusion, there would be no reason to hold the lottery or bingo game if no one gave consideration for the chance to win a prize because there would be no source of funds to compose the prize. Such an operation would then more closely resemble an auction.
Unless Article 19, 14 of the Arkansas Constitution is repealed and the Legislature enacts laws to allow lotteries or any form thereof, bingo will be prohibited. And, by definition, as long as the three elements of consideration, chance and prize are present in a game, it constitutes a lottery and cannot in any way be made legal.
In your opinion request, you also noted that you had not issued a subpoena for my testimony in regard to bingo. I or my staff would be happy to testify in this regard and will be ready to cooperate in the event you decide such testimony is essential.
The foregoing opinion, which I hereby approve, was prepared by Rhonda K. Hill, Assistant Attorney General.